# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# TERRE HAUTE DIVISION

| | |
|---|---|
| JEREMY D. GIBSON, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 2:14-cv-287-JMS-WGH |
| | ) |
| SASHI KUMARAN, et al., | ) |
| | ) |
| Defendants. | ) |

**Entry Dismissing Complaint and Directing Plaintiff to Show Cause**

## I. Background

The plaintiff, Mr. Jeremy D. Gibson ("Mr. Gibson"), is incarcerated at the Putnamville Correctional Facility ("Putnamville"). He brings this civil rights complaint pursuant to 42 U.S.C. § 1983, against casework manager Sashi Kumaran and Superintendent Stanley Knight. He seeks punitive damages and injunctive relief. He also seeks the recovery of good credit time and P.L.U.S. Program time cuts to his criminal sentence.

Mr. Gibson has paid the initial partial filing fee. The complaint is now subject to the screening required by 28 U.S.C. ' 1915A(b). This statute directs that the Court dismiss a complaint or any claim within a complaint that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* "A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock,* 549 U.S. 199, 215 (2007).

## II. Discussion of Claims

*Allegations*

Mr. Gibson alleges that casework manager Kumaran and Superintendent Knight accused him, without a hearing, of allegations that later proved to be false but still removed him from the P.L.U.S. educational program. He alleges that they violated his First, Eighth Amendment and Fourteenth Amendment Due Process rights by denying him readmission into the program after the prison charges were proved false, contrary to P.L.U.S. Program policies. He was allegedly wrongfully accused and the charges were all cleared, but was not provided a hearing or other process to attempt to be readmitted. He alleges he has lost the opportunity to earn good credit time and P.L.U.S. Program time cuts to his criminal sentence.

*Analysis*

Mr. Gibson alleges that casework manager Kumaran violated his First Amendment rights of freedom of speech and his ability to petition the government by blocking his access and ability to file grievances to challenge charges she made against him. The only possible application of the First Amendment to Mr. Gibson's allegations is his right to access the courts. This claim of denial of access to the courts is **dismissed** for failure to state a claim upon which relief can be granted because the plaintiff has not alleged any resulting injury, meaning that "some action by the prison has frustrated or is impeding an attempt to bring a nonfrivolous claim." *In re Maxy,* 674 F.3d 658, 661 (7th Cir. 2012). *See also Marshall v. Knight,* 445 F.3d 965, 968 (7th Cir.2006) ("[T]he mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights …."). The plaintiff was able to mail his complaint to the court, and he has not identified any other specific court action that has been impeded by any actions of Ms. Kumaran.

To state a claim for relief under the Eighth Amendment, a plaintiff must allege that he is living under conditions that deprive him of "the minimal civilized measure of life's necessities." *Townsend v. Cooper,* 759 F.3d 678, 686-87 (7th Cir. 2014). "[L]ife's necessities include shelter, heat, hygiene items, and clothing." *Id.* at 687. "The Eighth Amendment proscribes conditions that involve the wanton and unnecessary infliction of pain." *Gruenberg v. Gempeler,* 697 F.3d 573, 579 (7th Cir. 2012) (internal quotation omitted). None of Mr. Gibson's allegations fall within the scope of the Eighth Amendment's protections and therefore the Eighth Amendment claims are **dismissed** for failure to state a claim upon which relief can be granted.

With respect to Mr. Gibson's Fourteenth Amendment claims, the Seventh Circuit has Aspecifically denounc[ed] a Fourteenth Amendment substantive due-process right to an inmate grievance procedure.@ *Grieveson v. Anderson*, 538 F.3d 763, 772 (7th Cir. 2008). "[A]ny right to a grievance procedure is a procedural right, not a substantive one. Accordingly, a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Antonelli v. Sheahan,* 81 F.3d 1422, 1430 (7th Cir. 2008) (internal citations omitted). Because the plaintiff has no expectation of a particular outcome of his grievances, there is no viable claim which can be vindicated against Ms. Kumaran or Superintendent Knight through 42 U.S.C. ' 1983. Therefore, to the extent Mr. Gibson's Fourteenth Amendment claims challenge the grievance procedure or lack thereof, such claims are **dismissed** for failure to state a claim upon which relief can be granted.

The entitlement to due process applies only to deprivations of constitutionally protected interests. "There is no constitutional mandate to provide educational, rehabilitative, or vocational programs, in the absence of conditions that give rise to a violation of the Eighth Amendment." *Zimmerman v. Tribble,* 226 F.3d 568, 571 (7th Cir. 2000) (internal quotation omitted). "[T]he

denial of access to educational programs does not infringe on a protected liberty interest." *Id.* Because the successful completion of an educational program is not inevitable, the denial of the opportunity to earn good time credits through educational programs "does not inevitably affect the duration of the sentence and does not deprive him of constitutional guarantees." *Id.* (internal quotation omitted); *see also Sandin v. Conner,* 515 U.S. 472, 487 (1995) (due process is required only when state action "will inevitably affect the duration of [a prisoner's] sentence"). To the extent Mr. Gibson challenges the process he was given or denied with respect to being removed from or denied readmission to the P.L.U.S. Program, such claims are **dismissed** for failure to state a claim upon which relief can be granted.

In addition, to the extent Mr. Gibson seeks a reduction in his sentence, he cannot seek that remedy in a civil rights action. A civil rights action is the appropriate vehicle to seek monetary damages, but a writ of habeas corpus is the exclusive remedy to challenge the fact or duration of confinement. *Glaus v. Anderson,* 408 F.3d 382 (7th Cir. 2005) (explaining the difference between civil rights and habeas remedies). Mr. Gibson cannot join a habeas claim with claims seeking other relief and the court cannot convert a civil rights action to an action for habeas corpus relief. *Moore v. Pemberton,* 110 F.3d 22 (7th Cir. 1997); *Copus v. Edgerton,* 96 F.3d 1038, 1039 (7th Cir. 1996).

### III. Directions to Show Cause

The complaint fails to state a claim upon which relief can be granted. In light of the discussion and rulings above, the plaintiff shall have **through December 19, 2014,** in which to **show cause** why this action should not be dismissed for failure to state a claim upon which relief can be granted for the reasons set forth above.

**IT IS SO ORDERED.**

Date: November 20, 2014

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Jeremy D. Gibson, DOC# 161129, Putnamville Correctional Facility, Inmate Mail/Parcels, 1946 West U.S. Hwy 40, Greencastle, IN 46135